IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  03-10087-02-WEB |
| | ) | |
| HIDALGO J. RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

This matter came before the court on November 5, 2008 for a hearing on an Amended Violation Report alleging that the defendant violated the terms of his supervised release.  At the hearing the defendant conceded the facts alleged in the Report, but he challenged one of the Report's legal conclusions and argued against the revocation of his supervised release.  After hearing from the parties, the court found the defendant had violated the terms of his supervised release, found that the term of supervision should be revoked, and ordered that the defendant be sentenced to a controlling term of 24 months' imprisonment with no supervision to follow.  This written memorandum will supplement the court's oral rulings at the November 5, 2008 hearing.

The Amended Violation Report alleges that the defendant possessed opiates, as evidenced by positive drug tests on 9/23/08, 10/02/08, 10/06/08, and 10/15/08, in violation of K.S.A. § 65-4160.  The defendant admits these positive tests, but challenges the assertion that his conduct amounted to "possession" of the drug in violation of § 65-4160.  Defendant argues positive drug tests alone do not show "possession" within the meaning of Kansas law.  *Citing State of Kansas v. Flinchpaugh*, 232 Kan. 831, 659 P.2d 208 (1983).  *See Amended Violation*

*Report* ¶ 19.[1]  The defendant admits the other alleged violations in the Report, including positive tests for amphetamine (methamphetamine) on 10/02/08 and 10/15/08 (¶20), failure to report to the probation officer as required (¶21), and failure to report for drug testing as directed on 9/13/08, 9/19/08, and 9/29/08 (¶22).  Defendant argues that the latter violations, when weighed against other circumstances such as the defendant's attempts at rehabilitation, his employment and support of his family, and his need for drug treatment, do not warrant revocation of his supervised release.  Defendant further argues that the possibility of drug treatment warrants an exception to mandatory revocation.  *See* 18 U.S.C. § 3583(d).

Defendant's reliance on *Flinchpaugh* is unavailing.  The Kansas Supreme Court found in that case that discovery of a drug in a person's blood, standing alone, was not sufficient to show knowledgeable possession of the drug beyond a reasonable doubt.  *Flinchpaugh*, 232 Kan. at 835.  That was so because:

> The absence of proof to evince knowledgeable possession is the key.  The drug might have been injected involuntarily, or introduced by artifice, into the defendant's system.  The prosecution did not establish that defendant ever knowingly had control of the cocaine.

*Id.*  The court recognized, however, that additional evidence might suffice to show the "knowing possession" required for a conviction:

> Other corroborating evidence combined with positive results of a blood test could be sufficient evidence to prove guilt beyond a reasonable doubt depending on the probative value of the corroborating evidence.

---

[1] Defendant argues that without the violation in ¶19, the highest grade violation would be Grade C, resulting in an advisory sentencing range of 8-14 months rather than a range of 21-27 months.  *See* USSG § 7B1.1 and §7B1.4.

*Id*. at 836.  *Cf. United States v. Hammonds*, 370 F.3d 1032, 1037 (10th Cir. 2004) (under federal law, court presented with positive drug test together with evidence that the use was knowing and voluntary must logically conclude that the defendant possessed the drug).

The court is presented in the instant case not only with evidence of multiple failed drug tests for opiates by the defendant, but also with the undisputed fact that the defendant admitted to the Probation Office that he began using opiates in mid-September 2008 and used them up until October 21, 1008.  *See Amended Violation Report* ¶¶ 16-17.  Under the circumstances, the court concludes that the defendant knowingly and voluntarily possessed opiates, and that ¶19 of the Report correctly finds that his conduct constituted a felony violation for unlawful possession of opiates under K.S.A. § 65-4160, a Grade B violation.[2]

After considering all of the circumstances, including the factors in 18 U.S.C. § 3553(a), the court finds that mandatory revocation for possession of a controlled substance is both required and appropriate in this case.  The court has considered the defendant's history and background, including the fact that the defendant began using controlled substances barely one month after his release on supervision.  The court has also considered his failure to comply with the testing and reporting requirements of the Probation Office and his significant criminal history.  The record shows the defendant has been unable to follow through with substance abuse treatment programs while on release, and the court concludes that no exception to mandatory

---

[2] Defendant has not specifically challenged the Report's finding that his violation of K.S.A. § 65-4160, if established, would be a "felony" punishable by imprisonment exceeding one year, and thus a Grade B violation under USSG § 7B1.1.  *See* K.S.A. § 65-4160 (violation is a drug severity level 4 felony); K.S.A. § 21-4705 (level 4 felony punishment ranges from 10-12 months presumptive probation up to 37-42 months presumptive imprisonment, depending on criminal history).

revocation is warranted.  *Cf. Hammonds*, 370 F.3d at 1039.  The court concludes that an imprisonment sentence of 24 months,[3] with no supervision to follow, meets the sentencing objectives required by statute.  The defendant remains responsible for paying the outstanding balances of his special assessment and fine.

    IT IS SO ORDERED this   6th   Day of November, 2008, at Wichita, Ks.

                        s/Wesley E. Brown
                        Wesley E. Brown
                        U.S. Senior District Judge

---

[3] Because the maximum term of imprisonment that may be imposed with regard to Count 2 is one year, the sentence will be for 24 months' imprisonment on Count 1 and 12 months' imprisonment on Count 2, with both counts to run concurrent.